IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:01-cr-55 |
| | ) | No. 3:01-cr-71 |
| BOB K. WATSON | ) | |

## MEMORANDUM AND ORDER

This matter is presently set for resentencing on December 6, 2006. Defendant's court-appointed counsel, Richard L. Gaines, tendered to the court on July 18, 2006, a multitude of objections to the presentence report (PSR), and the government responded to those objections on August 17, 2006. Additionally, defendant filed *pro se* objections to the PSR on November 30, 2006. After reviewing all of defendant's objections and the government's response, the court is of the opinion that it would be in the interest of justice to adjudicate some of these objections prior to the resentencing date to narrow the focus of that hearing.

As the parties are aware, this matter is presently before the court pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit

filed on August 31, 2005 [*see* Docs. 219 and 173, respectively]. That mandate requires *only* that this court resentence the defendant consistent with *United States v. Booker*, 543 U.S. 220 (2005). Specifically, the Sixth Circuit concluded as follows:

> Accordingly, we affirm the district court's judgments as to Watson's convictions, vacate the district court's judgments as to Watson's sentences, and remand these cases to the district court for resentencing in light of *Booker*. All pending motions are denied as moot.

[*See* Doc. 218, p.4; Doc. 172, p.4].

It is well settled that, on remand, the district court is constrained by the scope of the mandate under which it is operating. *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). The district court must "implement both the letter and the spirit of the mandate" and take into account "the circumstances it embraces." *Id.* at 599 (citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). Remands for consideration in light of *Booker* are for the purpose of allowing the sentencing court to determine if it would have granted a different sentence, had it known at the time of sentencing that the Sentencing Guidelines were advisory, not mandatory. *See United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005). Recently, the Sixth Circuit agreed with other jurisdictions which have declined to extend the scope of "remands in light of *Booker*" beyond the issue of sentencing. *United States v. Keeda Haynes*, ___ F.3d ___, 2006 WL 3017115, 2006 Fed. App. 0411P, slip op. at 3 (6th

Cir. Oct. 23, 2006). Consequently, any issues which go to a defendant's conviction are not appropriate for the district court's consideration when a case is remanded "in light of *Booker*". *Id.*

In view of the above, any of defendant's objections which are concerned with his underlying conviction are hereby OVERRULED in their entirety. This adjudication specifically includes defendant's objections to this court's jurisdiction over him, any so-called "double jeopardy" issues,[1] and his continued attempt to withdraw his guilty plea, which issue has already been specifically adjudicated by the Sixth Circuit in his appeal [*see* Doc. 218, pp.2-3; Doc. 172, pp.2-3].

In a similar vein, the defendant has lodged a number of objections dealing with restitution. However, the Sixth Circuit has held in *United States v. Sosebee*, 419 F.3d 451, 461 (6th Cir. 2005), that *Booker* does not apply to restitution. Consequently, defendant's objections relating to any issues involving restitution are hereby OVERRULED in their entirety.

The defendant also objects to his recommended sentence based on "cruel and unusual punishment" under the Eighth Amendment of the United States

---

[1] Defendant's "double jeopardy" argument also has no merit because all of the related state court charges were, in fact, dismissed. *See* Paragraph 76 of PSR.

Constitution as a result of his detention in the Blount County Jail for four months prior to entering his guilty plea, as well as his continued detention (totaling 33 months, according to defendant) in the Blount County Jail.  It is well settled that the Eighth Amendment addresses itself to punishment by the state after it has secured formal adjudication of guilt in accordance with due process of law;  thus, it does not apply to pretrial detainees.  *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). Moreover, to the extent that the defendant is afforded protection by the due process clause of the Fourteenth Amendment, this clause does not prohibit pretrial detention when imposed as a regulatory measure on grounds of community danger, regardless of duration.  *United States v. Salerno*, 481 U.S. 739, 755 (1987). Likewise, pretrial detention based on grounds of future dangerousness is not a violation of the Eighth Amendment.  *Id.*  Consequently, the defendant's detention in the Blount County Jail prior to his plea agreement violated no constitutional right of this defendant.  Any objections on this basis are hereby OVERRULED in their entirety.

The defendant further objects to his being deprived of a satisfactory law library as required under the Eighth Amendment of the United States Constitution. In this case, however, defendant has been vigorously and zealously represented by legal counsel throughout the entire history of this case.  As a result, defendant's claim on this basis has no merit.  *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983)

(Once counsel is appointed, the state has fulfilled its constitutional obligation to provide full access to the courts.).  Accordingly, defendant's objection on this basis is OVERRULED in its entirety.

Next, defendant objects to the weight of methamphetamine used to calculate his offense level in paragraph 47 of the PSR.  First, defendant contends that the indictment did not specify the actual drug weight.  Second, defendant argues that the drug weight in the agreed factual basis of 21.93 grams of methamphetamine and 33.134 grams of methamphetamine is far less than the 500 grams or 1.5 kilograms of methamphetamine used to calculate his offense level in paragraph 47. Additionally, defendant objects to any facts being used against him at sentencing that were not clearly stated in the indictment, citing *Apprendi*.  Furthermore, defendant cites *United States v. Gonzales*, 420 F.3d 111 (2d Cir. 2005), for the proposition that "no minimum mandatory sentence of an offense level for drug quantity can be used against [him] ... when the specific drug amount is not in the indictment."

In addressing this objection, the court first observes that *Apprendi* applies only when the drug quantity finding increases the penalty beyond the prescribed statutory maximum;  it does not apply to the Sentencing Guidelines. *United States v. Koch*, 383 F.3d 436, 440 (6th Cir. 2004) (citing *United States v.*

*Lawrence*, 308 F.3d 633, 634 (6th Cir. 2002)). Moreover, factors increasing the mandatory minimum sentence need not be charged and determined by a jury beyond a reasonable doubt. *Harris v. United States*, 536 U.S. 545 (2002); *United States v. Wade*, 318 F.3d 698, 705 (6th Cir. 2003). In cases in which a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction, there is no *Apprendi* error. *Id.* Additionally, when a defendant stipulates to the amount of drugs and the district court does not rely on any facts outside of the plea agreement to determine drug quantity at sentencing, *Apprendi* is not implicated. *Wade*, 318 F.3d at 705.

Here, regarding the counts at issue in defendant's drug case, 3:01-cr-55, the statutory maximum for count one was 40 years, and the statutory maximum for each of counts two, six, fourteen, and seventeen, was 20 years. Obviously, defendant's previous sentence on each count did not exceed the statutory maximum so that *Apprendi* was not implicated. Nor will it be at resentencing. Moreover, the defendant stipulated and agreed in both the plea agreement and the agreed factual basis that he "distributed and possessed with the intention of distributing at least 500 grams but less than 1.5 kilograms of methamphetamine." [*See* Doc. 122, p.3, ¶8; *see also* Doc. 123, p.2]. Under these circumstances, *Apprendi* is not applicable. Consequently, the drug quantity of at least 500 grams but less than 1.5 kilograms

6

of methamphetamine is the amount that will be used to calculate the defendant's offense level as was properly done in paragraph 47 of the PSR.

In so ruling, the court also finds that defendant's reliance on *United States v. Gonzales*, 420 F.3d 111, is misplaced. In *Gonzales*, the court held that "where a drug quantity specified in Section 841(b)(1)(A) or - (b)(1)(B) is neither proved to a jury nor admitted by a defendant, a district court is not *required* to impose a minimum sentence mandated by those sections even if it *may* impose that same sentence pursuant to § 841(b)(1)(C)." *Id.* at 134 (emphasis in original). However, because the defendant admitted in both the plea agreement and the agreed factual basis that he distributed and possessed with the intention of distributing at least 500 grams but less than 1.5 kilograms of methamphetamine, *Gonzales* is not relevant to the facts of this case. Defendant's objection on this basis is therefore OVERRULED in its entirety.

In a similar manner, defendant objects to paragraph 48 of the PSR based on a two-level enhancement for possession of a firearm in connection with methamphetamine under U.S.S.G. § 2D1.1(b)(1). Specifically, defendant contends that the gun enhancement was not stipulated in the factual basis for either case and that paragraph 9 of the plea agreement is null and void as a violation of defendant's rights under the Sixth Amendment of the United States Constitution because his trial

counsel rendered ineffective assistance to him when he "pressured and coerced" him to enter into the plea agreement. Nevertheless, the defendant clearly stipulated in paragraph 9 of the plea agreement that his "offense level should be increased by two levels under § 2D1.1(b)(1) for possession of a firearm." [*See* Doc. 122, p.3; Doc. 71, p.3]. Moreover, paragraph 15 of the plea agreement states that it will become null and void if the defendant withdraws, successfully appeals, or otherwise attacks his plea, or the court refuses to accept the plea [*see* Doc. 122, p.4; Doc. 71, p.4]. The record reflects that none of these actions has been successful. As a result, paragraph 9 of the plea agreement is valid and the defendant is subject to the two-level enhancement for possession of a firearm. Defendant's objection to the contrary is hereby OVERRULED in its entirety.

Finally, as just noted, defendant raises the issue of ineffective assistance of counsel. As this court detailed in its order of June 13, 2006 [Docs. 227 and 191, respectively], defendant has been vigorously and zealously represented by counsel since the inception of this litigation. This claim is totally without merit and all objections on that basis are hereby OVERRULED in their entirety.

**E N T E R :**

             *s/ James H. Jarvis*
             UNITED STATES DISTRICT JUDGE