UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BOB K. WATSON, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Nos.: 3:01-CR-55-2-TAV-CCS |
| | ) | 3:08-CV-522-TAV-CCS |
| UNITED STATES OF AMERICA, | ) | 3:01-CR-71-1-TAV-CCS |
| | ) | 3:08-CV-523-TAV-CCS |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the motions that petitioner has filed since the Court denied his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 4, 2011 [Doc. 294, 241[1]]. For the reasons set forth in this memorandum opinion, the Court concludes that the following motions lack merit: motion to disqualify judge [Doc. 296, 242], motion for reconsideration [Doc. 297, 243], motion to amend § 2255 [Doc. 300, 246], motion to conduct discovery [Doc. 305, 251], motion for an evidentiary hearing [Doc. 306, 252], and motion for disclosure of grand jury transcripts [Doc. 308, 254].

I. **Background**

The facts of this case are by now familiar to the Court and to the parties. Petitioner was indicted in 2001 on numerous charges in two separate cases filed in this

---

[1] The motions were filed in both of petitioner's criminal cases; the first document reference is in Criminal Action No. 3:01-CR-55 and the second document reference is in Criminal Action No. 3:01-CR-71.

district: Criminal Action No. 3:01-CR-55 and Criminal Action No. 3:01-CR-71 [Doc. 2, 2]. The charges in the first case related to the manufacture and distribution of methamphetamine, and the charges in the second case related to the removal and alteration of identification numbers for motor vehicles and motor vehicle parts. Judge James Jarvis was originally assigned to the cases. On December 20, 2001, petitioner pleaded guilty to a number of outstanding charges in a plea agreement that referenced both criminal cases [Doc. 122, 71]. On February 11, 2003, petitioner was sentenced by Judge Jarvis to 152 months' imprisonment on the charges in the first case and 60 months' imprisonment on the charges in the second case, all terms of imprisonment running concurrently [Doc. 197, 136].

Petitioner appealed to the United States Court of Appeals for the Sixth Circuit, where the cases were consolidated. The Court of Appeals affirmed petitioner's convictions but remanded the case for resentencing in light of the Supreme Court's holding in *United States v. Booker*, 543 U.S. 1101 (2005) [Doc. 218, 172]. *United States v. Watson*, Nos. 03-5297/5298 (6th Cir. Aug. 4, 2005) (unpublished order). On December 6, 2006, the Court resentenced petitioner to the same terms of imprisonment as before [Doc. 234, 199]. Petitioner again appealed, and the Court of Appeals affirmed the judgment [Doc. 246, 221]. *United States v. Watson*, Nos. 06-6568/6570 (6th Cir. July 8, 2008) (unpublished order).

On August 5, 2008, Criminal Action No. 3:01-CR-55 was reassigned from Judge Jarvis to this district judge [Doc. 247]. Criminal Action No. 3:01-CR-71 was originally

2

Case 3:01-cr-00071   Document 263   Filed 02/09/15   Page 2 of 17   PageID #: 2052

reassigned from Judge Jarvis to Judge Leon Jordan on December 1, 2008 [Doc. 215], but it was thereafter reassigned to this district judge on January 14, 2009 [Doc. 220]. Both cases have since remained assigned to this district judge.

Petitioner filed his petition pursuant to 28 U.S.C. § 2255 on December 29, 2008 [Doc. 250, 217]. In the petition, he alleged ineffective assistance of counsel and breach of the plea agreement by the government. While the petition was pending, petitioner filed additional motions, including substantive motions seeking to withdraw his guilty plea and for the return of two tracts of real estate that were forfeited to the United States, and procedural motions regarding the prosecution of his § 2255 petition, including a motion for an evidentiary hearing. On October 4, 2011, the Court denied the petition along with all pending related motions [Doc. 294, 241]. The motions currently under consideration followed thereafter.

II.     Analysis

   A.     **Motion to Disqualify the District Court Judge**

Petitioner argues that this district judge should be disqualified from the case pursuant to 28 U.S.C. §§ 455(a)–(b)(1) [Doc. 246, 242]. As grounds, petitioner submits that this judge's actions in ruling on his § 2255 petition reasonably raise a question about this judge's impartiality, and that this judge possesses actual or apparent bias against him. In support, petitioner states that the Court failed to consider all of the grounds for relief he raised in his § 2255 petition, and that the Court "summarily" denied the petition without granting him the evidentiary hearing that he requested.

3

Petitioner has failed to set forth facts from which judicial impartiality might reasonably be questioned, or that would suggest bias or prejudice against him. At most, petitioner's complaints assign legal error to the Court. Error alone does not give rise to a reasonable question about judicial impartiality or serve as evidence of bias or prejudice. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987) ("Even if these ruling [sic] were erroneous, and we do not suggest that they were, they could not justify a finding of judicial bias."); *Mayberry v. Maroney*, 558 F.2d 1159, 1162 (3d Cir. 1977) (finding that assertion of error, without facts alleged in support of disqualification, is insufficient); *In re Winslow*, 107 B.R. 752, 754 (D. Colo. 1989) (noting that alleged errors by a judge do not justify disqualification based on the objective standard set forth by statute, "even when the ruling is such as to amount to a denial of a constitutional right," because "[t]he remedy is review of the judge's decision, not replacement of the judge"). Therefore, petitioner's motion to disqualify lacks merit.

    **B.    Motion for Reconsideration and/or to Alter or Amend the Judgment; and Motion to for Leave to Amend Pleading**

Petitioner also moves the Court to reconsider and/or to alter or amend its judgment denying his § 2255 petition pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Doc. 297, 243], and to grant him leave to amend his § 2255 petition pursuant to Rule 15 of the Federal Rules of Civil Procedure [Doc. 300, 246]. As grounds, petitioner "re-allege[s] and incorporate[s] herein by reference the substantive claims for relief timely raised in: (1) his Reply motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255; (2) his motion for an Evidentiary Hearing pursuant to Rule

4

8(a) of the Rules Governing Title 28 U.S.C. § 2255 proceedings under 28 U.S.C. § 2255; and (3) his motion for Withdraw of the Pleas of Guilty pursuant to 28 U.S.C. § 2255" [Doc. 300, 246].

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59(e) motions "are not intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (noting that a Rule 59(e) motion "is not an opportunity to re-argue a case" (citation omitted)).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Leave should be denied, however, when the amendment would be futile. *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit

5

the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). Therefore, in deciding whether a proposed amendment would be futile, the Court construes the pleading in the light most favorable to the petitioner, accepts all factual allegations as true, draws all reasonable inferences in favor of the petitioner, and determines whether the amended pleading contains "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (discussing the pleading standard for a motion to dismiss pursuant to Rule 12(b)(6)); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted) (same).

Regarding petitioner's Rule 15 and Rule 59(e) motions as they relate to his prior motions for an evidentiary hearing and to withdraw his guilty pleas, petitioner has not pointed to any intervening change in controlling law that would alter the Court's analysis of the issues. Additionally, although petitioner has submitted "new" evidence insofar as he has submitted additional affidavits and documents that he did not submit with his original § 2255 filings, none of the evidence can be described as *newly discovered*.

Even if the evidence were newly discovered, it would not change the Court's analysis of the issues. The Court found petitioner's motions for an evidentiary hearing and to withdraw his guilty plea to be without merit [Doc. 293, 240]. Regarding the evidentiary hearing, a court is not required to grant an evidentiary hearing in a § 2255 proceeding if the motion to vacate, the answer, and the record of the case show

6

conclusively that the petitioner is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Such is the case here. Regarding the guilty pleas, petitioner's guilty pleas were affirmed on direct appeal, and there is no reason to disturb that substantive holding.

Accordingly, there are no grounds on which to alter or amend the judgment with respect to petitioner's prior motions for an evidentiary hearing or to withdraw his guilty pleas, and granting him leave to amend his § 2255 petition to re-plead the substance of those motions would be futile.

Regarding the additional § 2255 claims that petitioner raised in his "reply motion" [Doc. 262, 233], petitioner is correct that the Court did not explain its reasons for denying his petition on those grounds. Since the Court's order dismissing the petition, the Sixth Circuit has suggested that courts considering an unresolved § 2255 petition should construe subsequent motions and pleadings that raise new substantive claims as permissible motions to amend the § 2255 petition. *Clark v. United States*, 764 F.3d 653, 658–59 (6th Cir. 2014); *see Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002). Reading *Clark* liberally, the claims that petitioner raised in his "reply motion" can be construed as a motion to amend his original filing. The standard for considering a motion to amend in such a context is governed by the Federal Rules of Civil Procedure, in this case Rule 15. *See Clark*, 764 F.3d at 661.

Petitioner submits that the Court failed to consider the following claims: (1) that the evidence seized during the execution of the search warrant on January 25, 2001,

7

violated his Fourth Amendment rights under *United States v. Scott*, 260 F.3d 512 (6th Cir. 2001); (2) that he received ineffective assistance of counsel at multiple stages of his case when trial and appellate counsels refused to raise the issue of whether evidence discovered as a result of the allegedly unlawful search should be suppressed; (3) that he received ineffective assistance of counsel on direct appeal when appellate counsel failed to raise arguments about the lawfulness of the restitution orders in this case pursuant to *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001); and (4) that he received ineffective assistance of counsel on direct appeal when appellate counsel refused to raise arguments about the lawfulness of the forfeiture orders in this case pursuant to *United States v. O'Dell*, 247 F.3d 655 (6th Cir. 2001), and *United States v. Jones*, 502 F.3d 388 (6th Cir. 2007) [Doc. 298 p. 22, 244 p. 22].

"A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Because the claims that petitioner raised in his "reply motion" do not entitle him to relief pursuant to § 2255, amendment would be futile under Rule 15 and alteration or amendment of the judgment would not be appropriate under Rule 59(e).

1. **Petitioner's Claim that his Fourth Amendment Rights were Violated through an Unconstitutional Search and Seizure**

Petitioner challenged the search warrant executed on January 25, 2001, by moving to suppress evidence discovered and seized as a result of it prior to entering his guilty

8

plea [Docs. 41, 57; Docs. 31, 32, 34, 42]. Magistrate Judge Robert Murrian considered the motion and issued a report and recommendation in which he recommended that the motion be denied [Doc. 95, 54]. Petitioner objected [Doc. 113, 63]. The district court adopted the report and recommendation and denied the motion to suppress [Doc. 73[2]]. Petitioner's convictions were affirmed on appeal. Petitioner now argues that the search and seizure was invalid based on what he submits is a ground he did not raise in his motion to suppress. Specifically, petitioner argues that the state judge who signed the search warrant at issue, Judge Robert S. Bebb, was the father of a government agent who executed the warrant, Andy Bebb. Therefore, petitioner argues that Judge Bebb was not neutral and detached, and so the warrant was void *ab initio*.

To the extent that petitioner did not raise this particular argument in his original motion to suppress or direct appeal, the Court cannot review it through a § 2255 petition. *See Stone v. Powell*, 428 U.S. 465, 494–95 (1976) (holding that when a state has provided a full and fair opportunity to litigate a Fourth Amendment claim, a state prisoner is not entitled to habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial); *see also United States v. Frady*, 456 U.S. 152, 166 (1982) (explaining that relief available to a federal prisoner under § 2255 is not broader than relief available to state prisoners seeking a writ of habeas corpus). Even assuming that petitioner's procedural default on this issue could be

---

[2] The district court's order adopting the report and recommendation and denying petitioner's motion to suppress was docketed in Criminal Action No. 3:01-CR-71.

9

Case 3:01-cr-00071 Document 263 Filed 02/09/15 Page 9 of 17 PageID #: 2059

cured, he has shown neither sufficient cause nor resultant prejudice. *Frady*, 456 U.S. at 167–69 (1982).

To the extent that petitioner did previously raise this particular argument, his judgment of conviction has been affirmed on direct appeal and there is no reason to revisit that holding.

> 2. **Petitioner's Claims that Trial and Appellate Counsel were Ineffective for Failing to Raise Issues Regarding the Search and Seizure of his Property, Restitution, and Forfeiture**

Petitioner's remaining claims allege ineffective assistance of counsel at various points in his criminal case and on various issues. The Court has already explained its reasons for rejecting some of petitioner's claims for ineffective assistance of counsel [Doc. 293, 240]. In considering claims for ineffective assistance of counsel, the Court uses the two-part standard set forth in *Strickland v. Washington*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984).

For the first part of the standard, in determining whether counsel's performance was deficient, the Court considers whether counsel performed "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The petitioner must show that counsel's representation "fell below an

10

objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

For the second part of the standard, in determining whether any deficient performance prejudiced a defendant who pleaded guilty, the Court "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* The touchstone of the inquiry is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*).

Turning first to petitioner's claim of ineffective assistance regarding his motion to suppress, petitioner argues that his counsel was ineffective because counsel failed to discover that an agent who executed the search warrant in his case was the son of the state judge who signed the search warrant. Petitioner further argues that this issue should have been raised both by his trial counsel and his appellate counsel.

Petitioner has not overcome the presumption that the conduct of his counsel falls within the wide range of reasonable professional assistance. His trial counsel investigated the search and seizure authorized by the warrant and filed a motion to suppress that raised multiple issues. The motion was extensively litigated and ultimately denied. Based on the record, trial counsel's pursuit of the motion to suppress is best described as zealous and comprehensive, not ineffective.

Petitioner has not described which arguments, if any, appellate counsel made regarding the suppression issue before the Court of Appeals. In any event, failure by appellate counsel to raise the argument that petitioner currently sets forth would not be ineffective assistance, because the argument lacks merit. *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (explaining that the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail . . . is the hallmark of effective appellate advocacy" (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983))).

Despite petitioner's contentions to the contrary, *United States v. Scott* does not suggest that the search warrant in this case was void. 260 F.3d 512, 515 (6th Cir. 2001), *abrogated on other grounds by United States v. Master*, 614 F.3d 236, 242 (6th Cir. 2010). In *Scott*, the state judge who issued the search warrant was not an active judge and therefore did not have authority under state law to issue a search warrant. *Id.* at 515. Here, there is no dispute that the Judge Bebb occupied an office that was authorized by state law to issue a search warrant. The agent who swore the warrant before Judge Bebb was Scott Wilson, who is not alleged to be a relative of Judge Bebb [*See* Docs. 301 p. 10,

12

302-2, 302-6 p. 3; Docs. 247 p. 10, 248-2, 248-6 p. 3]. Thus, there is no reason to believe that Judge Bebb's independent judgment would have been distorted in an unconstitutional manner. *See Shadwick v. City of Tampa*, 407 U.S. 345, 350–51 (1972). In these circumstances, the warrant was not void, and even if it was, the evidence derived from it still should have been admitted. *See Master*, 614 F.3d 236, 238–43 (6th Cir. 2010) (discussing when a search warrant issued by a judge is void and when the exclusionary rule should apply to evidence discovered pursuant to a void search warrant).

Finally, setting aside the question of whether trial counsel or appellate counsel was ineffective on the suppression issue, petitioner has not demonstrated that there is a reasonable probability he would have proceeded to trial—or that his guilty plea would have been vacated on appeal—if the evidence from the search and seizure had been excluded.

The Court turns next to petitioner's claim of ineffective assistance regarding the failure of his appellate counsel to argue that the restitution order in this case was improper or unlawful. The Court has already explained its reasons for rejecting petitioner's argument that trial counsel was ineffective in advising him on the restitution issue [Doc. 293, 240]. Appellate counsel was not ineffective in failing to argue that the restitution order was improper or unlawful, because such an argument would have been meritless.

13

Defendant's citation to *Weinberger v. United States* is unavailing. In *Weinberger*, the Sixth Circuit found the entry of restitution orders to be erroneous because the district court did not properly consider whether the defendant had the ability to pay, the amount of one of the orders exceeded the scope permitted by law, and the defendant's plea agreement did not specifically provide for restitution. 268 F.3d at 355–58 (6th Cir. 2001). In this case, petitioner specifically agreed to provide restitution as ordered by the court in his plea agreement. The restitution was mandated by statute. *See* 18 U.S.C. §§ 3663 and 3663A; *see also* U.S. Sentencing Guidelines Manual § 5E1.1(a). The Court included restitution in its amended judgment of conviction in Criminal Action No. 3:01-CR-71 [Doc. 199], which petitioner appealed. Although the Court of Appeals did not specifically address the restitution order, it affirmed "each of the district court's sentencing judgments." *United States v. Watson*, Nos. 06-6568/6570, at 3 (6th Cir. July 8, 2008) (unpublished order).

Lastly, the Court turns to petitioner's claim of ineffective assistance regarding the failure of his appellate counsel to argue that forfeiture in this case was improper or unlawful. In support, petitioner cites *United States v. O'Dell*, 247 F.3d 655 (6th Cir. 2001), and *United States v. Jones*, 502 F.3d 388 (6th Cir. 2007).

The Court has previously explained that forfeiture was lawful [Doc. 293, 240]. Any failure of appellate counsel to raise the forfeiture issue on direct appeal did not prejudice the defendant. The district court entered a final order of forfeiture in Criminal Action No. 3:01-CR-55 [Doc. 196]. Although the original judgment of conviction in that

14

case [Doc. 197] did not reference forfeiture, the original judgment was vacated by the Sixth Circuit and remanded for re-sentencing. The amended judgment of conviction [Doc. 234] was entered on December 14, 2006, and it did reference the forfeiture applicable to petitioner. Accordingly, any deficiency was remedied by the subsequent order. *See* Fed R. Crim. P. 32.2(b)(4)(B). This amended judgment was affirmed on appeal. *United States v. Watson*, Nos. 06-6568/6570, at 3 (6th Cir. July 8, 2008) (unpublished order).

The Sixth Circuit's decisions in *Jones* and *O'Dell* do not provide relief here because there is no indication that appellate counsel could have argued that the requisite nexus between petitioner's interest in the forfeited property and his criminal conduct was lacking. *Jones*, 502 F.3d at 391–94; *O'Dell*, 247 F.3d at 681–86.

Accordingly, petitioner's motion to reconsider and/or to alter or amend the judgment in this case pursuant to Rule 59(e), and his motion to amend his § 2255 petition pursuant to Rule 15, do not have merit.

### C. Supplemental Motion for an Evidentiary Hearing; Motion to Conduct Discovery; and Motion for Disclosure of Grand Jury Transcripts

Petitioner moves the Court to hold an evidentiary hearing on his amended § 2255 petition [Doc. 312, 257]. He also moves the Court to permit discovery in relation to his § 2255 petition [Doc. 305, 251], including the disclosure of grand jury transcripts [Doc. 308, 254]. Because the Court conclusively determines on the basis of petitioner's claims, the government's response, and the record of this case that all of petitioner's claims lack

merit, the Court concludes that no evidentiary hearing is appropriate. *See Baker*, 781 F.2d at 92.

Likewise, no additional discovery is warranted and no disclosure of the grand jury transcripts is appropriate. Petitioner states that he seeks discovery and disclosure of grand jury transcripts because he "has a reasonable basis for suspecting" that government agents perjured themselves in testimony before the grand jury [Doc. 305 p. 2, 251 p. 2]. In support, petitioner provides examples of what he suggests is false or inconsistent testimony by government agents during various proceedings in this case.

In order for a court to lift the "veil of secrecy" surrounding grand jury proceedings and grant disclosure of the transcripts of those proceedings, a petitioner must demonstrate a "particularized need" that outweighs the general rule of grand jury secrecy. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 220–23 (1979). Here, petitioner's suspicions that certain government agents may have testified before the grand jury, and that their testimony may have been untruthful, does not outweigh the general rule of grand jury secrecy. Indeed, even assuming that petitioner's most serious suspicions are true, those suspicions would not demonstrate grand jury bias sufficient to invalidate the indictments against him. *See United States v. Adamo*, 742 F.2d 927, 939 (6th Cir. 1984) (finding that a grand jury that is presented with incompetent or inadequate evidence may nevertheless be an unbiased grand jury capable of returning a valid indictment).

Accordingly, petitioner's motions for an evidentiary hearing, discovery, and disclosure of grand jury transcripts lack merit.

## III. Conclusion

For these reasons, the Court concludes that the following motions are meritless: motion to disqualify judge [Doc. 296, 242], motion for reconsideration [Doc. 297, 243], motion to amend § 2255 [Doc. 300, 246], motion to conduct discovery [Doc. 305, 251], motion for an evidentiary hearing [Doc. 306, 252], and motion for disclosure of grand jury transcripts [Doc. 308, 254].

E N T E R *NUNC PRO TUNC February 4, 2015*:

                                                s/ Thomas A. Varlan
                                                CHIEF UNITED STATES DISTRICT JUDGE